IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYNTHIA PARLIN, Individually, and in her Capacities as Surviving Spouse of Samuel Parlin, And As Executrix of the Estate of Samuel Parlin, Deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>DYNCORP INTERNATIONAL, INC., et al.,<br><br>    Defendants. | C.A. No. 08-107 (JJF) |

**PLAINTIFFS' REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR REMAND**

Neilli Mullen Walsh (2707)
Ben T. Castle (520)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6618/6603

Attorneys for Plaintiffs

*Of Counsel:*
James E. Beasley, Jr.
Maxwell S. Kennerly
THE BEASLEY FIRM, LLC
1125 Walnut Street
Philadelphia, PA 19107-4997
(215) 592-1000

Dated: May 15, 2008

## TABLE OF CONTENTS

|  | **Page** |
|---|---|
| TABLE OF CASES AND AUTHORITIES | ii |
| STANDARD OF REVIEW/SUMMARY OF REPLY | 1 |
| ARGUMENT | 2 |
| CONCLUSION | 5 |

DB02:6822663.1     067040.1001

## TABLE OF CASES AND AUTHORITIES

**Page**

*Grable & Sons Metal Prods.*,
    545 U.S. 308 (2005)      2

*Rivet v. Regions Bank of La.*,
    522 U.S. 470 (1998)      2

DB02:6822663.1      067040.1001

## STANDARD OF REVIEW / SUMMARY OF REPLY

Defendants bear the burden of establishing their right to removal of this action.[1] Plaintiffs' *Motion for Remand*, p. 7. Further, the removal statute should be strictly construed and all doubts resolved in favor of remand. *Id.* As Defendants have not provided any factual materials whatsoever -- not even a single affidavit or authenticated document -- all reasonable inferences must be drawn in plaintiff's favor.

At sum, defendants have not given any persuasive reason for why a United States citizen should not be able to sue two domestic corporations in their home state for the wrongful death of her husband. As is clear by the overwhelming precedent disfavoring removal, wholly rejecting Federal defenses as a basis for removal, and denying private companies statutory protections intended for federal personnel, the factual proximity of a Federal civilian contract in the case does not by itself create jurisdiction for this Court.

---

[1] Defendants also bear the burden of persuasion in their Motion to Dismiss, also pending before this Court.

## ARGUMENT

Plaintiffs will not test the Court's time and attention by rephrasing the extensive arguments developed in Plaintiffs' Motion for Remand and Plaintiffs' Response to Defendants' Motion to Dismiss. This reply simply reiterates the most salient points missed or relayed incorrectly by Defendants' Response.

As described in Plaintiffs' Motion for Remand (*see* p. 8), the existence of a federal defense is **not** an appropriate basis for removal. This basic proposition of federal law was in fact recognized and reaffirmed by *Grable & Sons Metal Prods.*, upon which defendants heavily rely. 545 U.S. 308 (2005). There, the Supreme Court upheld removal because the meaning of the federal statute was "an **essential element** of [plaintiffs] claim." *Grable* at 315; Plaintiffs' *Motion for Remand*, p. 11. Despite defendants' repeated attempts to interpret *Grable* as creating an entirely new basis for removal, one that supersedes the century-old "well-pleaded complaint" rule, *Grable* itself specifically clarified that a state law claim gave rise to federal jurisdiction only where it "appears from the [complaint] that the **right to relief** depends upon the construction or application of [federal law]." *Grable* 545 U.S. 313; *see* defendants' *Response* p. 6. As is well-settled, the existence of a federal defense, even where anticipated in the plaintiffs' complaint, and even where when it is the only issue in the case, is **irrelevant** to plaintiffs' "right to relief," which here lies entirely in state tort law. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (internal quotation omitted, emphases added); Plaintiffs' *Motion for Remand*, p. 3; Defendants' *Response*, p. 6. Neither the CIVPOL contract nor the Defense Base Act are "essential elements" establishing Plaintiffs' "right to relief;" they are purely the basis of defendants' defense, and thus cannot form the basis of a proper removal.

2

Similarly, defendants' "borrowed employee" defense is completely irrelevant in determining whether their removal was proper. As made clear previously, such a defense under the Longshore Act is "**the classic circumstance of non-removability**." Plaintiffs' *Motion for Remand*, p. 10. Defendants' bizarre reference to "recent federal efforts" further reaffirms that the federal government has **not** yet acted to deny plaintiffs' right to relief in state court, but has in fact acted explicitly to **preserve** plaintiffs' right to relief in state court. Plaintiffs' *Motion for Remand*, p. 11; Defendants' *Response*, p. 8.

Defendants' "balance of responsibilities" argument, which also references "soon-to-be enacted federal laws," does not properly represent the standard for reviewing removal and should be ignored by this Court. Defendants' *Response*, p. 9. Such misrepresentation of the appropriate legal standard appears throughout defendants' brief, which boldly asserts "plaintiffs have not demonstrated that federal question jurisdiction is not proper in this case." Defendants' *Response*, p. 11. Yet, as is well-settled -- and not even disputed by any case law cited by defendants -- it is not the plaintiffs' burden to demonstrate remand; it is the **defendants'** burden to demonstrate removability, which they must do so persuasively, as an inappropriate removal is a jurisdictional failure that will render all of the court's action on this matter moot if an appellate court later finds the case should have been remanded.

Importantly, the vast majority of the federal officer removal statute cases relied upon by defendants relate specifically to **actual officers** of the federal government. There is **no** precedent suggesting that the federal officer removal statute should be "broadly construed" for private civilian contractors such as defendants. Plaintiffs' *Motion for Remand*, pp. 12, 15; Defendants' *Response*, p. 13. Even those cases finding

3

federal officer removal appropriate only do so where the defendant acted pursuant to "an officer's **direct orders or comprehensive regulations**." Plaintiffs' *Motion for Remand*, pp. 15-16; Defendants' *Response*, p. 14 (Defendants themselves admit federal officer removal intended to protect "acts done under the **immediate direction** of the national government.").

It bears repeating here that defendants have not made **any** showing **whatsoever** that they were acting pursuant to **any** orders or regulations. Indeed, the sole connection to the federal government is a generalized contract for services, which defendants have refused to provide to this Court, thereby compelling this Court to draw all reasonable inferences regarding that contract in plaintiffs' favor. The only reasonable inference to be drawn is that there were **no** direct orders or comprehensive regulations, i.e. no "immediate direction" by a Federal office.

Finally, defendants have failed to raise colorable federal defenses, as already explained in plaintiffs' Motion for Remand and Response to defendants' Motion to Dismiss.

## CONCLUSION

For the above reasons, as well as the reasons articulated in Plaintiffs' Opening Brief In Support Of Their Motion For Remand, plaintiffs respectfully request that this Court remand the above action to the Superior Court of the State of Delaware in and for New Castle County.

Respectfully submitted,

/s/ Neilli Mullen Walsh
Neilli Mullen Walsh (2707)
Ben T. Castle (520)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6618/6603
Attorneys for Plaintiffs

*Of Counsel:*
James E. Beasley, Jr.
Maxwell S. Kennerly
THE BEASLEY FIRM, LLC
1125 Walnut Street
Philadelphia, PA 19107-4997
(215) 592-1000

Dated: May 15, 2008